1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

Case No. 13-CV-00172 (VEB)

SHANA K. EHRLER,

              Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

              Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In September of 2010, Plaintiff Shana K. Ehrler applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by Dana C. Madsen, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On March 5, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 16).

## II. BACKGROUND

The procedural history may be summarized as follows:

On September 15, 2010, Plaintiff applied for DIB and SSI benefits, alleging disability beginning October 1, 2008. (T at 235-40, 241-42).[1]  The applications were denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On January 23, 2012, a hearing was held before ALJ R. J. Payne. (T at 42). The ALJ received testimony from two medical experts, Dr. Thomas McKnight, Jr. (T at 55-61) and Dr. James Haynes (T at 46-55). The hearing was adjourned to August 14, 2012. Plaintiff appeared at the second hearing and testified.

---

[1] Citations to ("T") refer to the administrative record at Docket No. 13.

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

(T at 73-94).  The ALJ also received testimony from Dr. Donna Veraldi, a medical expert. (T at 66-73).

On September 7, 2012, the ALJ issued a written decision denying the applications for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (T at 19-40).   The ALJ's decision became the Commissioner's final decision on March 13, 2013, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-6).

On May 8, 2013, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on December 9, 2013. (Docket No. 12).

Plaintiff filed a motion for summary judgment on April 21, 2014. (Docket No. 17).  The Commissioner moved for summary judgment on May 30, 2014. (Docket No. 19).  Plaintiff filed a reply brief on May 30, 2014. (Docket No. 19).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for further proceedings.

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

# III. DISCUSSION

## A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

1   404.1520(a)(4)(ii), 416.920(a)(4)(ii).

2       If plaintiff does not have a severe impairment or combination of impairments,

3   the disability claim is denied. If the impairment is severe, the evaluation proceeds to

4   the third step, which compares plaintiff's impairment with a number of listed

5   impairments acknowledged by the Commissioner to be so severe as to preclude

6   substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

7   C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

8   impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

9   not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

10  step, which determines whether the impairment prevents plaintiff from performing

11  work which was performed in the past. If a plaintiff is able to perform previous work

12  that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),

13  416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is

14  considered. If plaintiff cannot perform past relevant work, the fifth and final step in

15  the process determines whether plaintiff is able to perform other work in the national

16  economy in view of plaintiff's residual functional capacity, age, education and past

17  work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v.*

18  *Yuckert*, 482 U.S. 137 (1987).

19      The initial burden of proof rests upon plaintiff to establish a *prima facie* case

20

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

1    of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

2    1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

3    met once plaintiff establishes that a mental or physical impairment prevents the

4    performance of previous work. The burden then shifts, at step five, to the

5    Commissioner to show that (1) plaintiff can perform other substantial gainful

6    activity and (2)  a "significant number of jobs exist in the national economy" that

7    plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

8    **B.    Standard of Review**

9            Congress has provided a limited scope of judicial review of a Commissioner's

10   decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

11   made through an ALJ, when the determination is not based on legal error and is

12   supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

13   1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's]

14   determination that a plaintiff is not disabled will be upheld if the findings of fact are

15   supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

16   1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla,

17   *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a

18   preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).

19   Substantial evidence "means such evidence as a reasonable mind might accept as

20

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

1    **C.    Commissioner's Decision**

2        The ALJ found that Plaintiff had not engaged in substantial gainful activity

3    since October 1, 2008, the alleged onset date, and met the insured status

4    requirements of the Social Security Act through September 30, 2012 (the "date last

5    insured"). (T at 24). The ALJ determined that Plaintiff's seizure disorder, major

6    depressive disorder (recurrent, moderate), and undifferentiated somatoform disorder

7    were "severe" impairments under the Act. (Tr. 24-25).

8        However, the ALJ concluded that Plaintiff did not have an impairment or

9    combination of impairments that met or medically equaled one of the impairments

10   set forth in the Listings. (T at 25-26).  The ALJ determined that Plaintiff retained the

11   residual functional capacity ("RFC") to perform a full range of work at all exertional

12   levels, but should avoid all exposure to hazardous machinery and heights and could

13   only have occasional contact with the public and co-workers. (T at 26-34).

14       The ALJ concluded that Plaintiff could perform her past relevant work as a

15   security guard and telemarketer. (T at 35).  As such, the ALJ concluded that Plaintiff

16   was not disabled, as defined under the Act, between October 1, 2008 (the alleged

17   onset date) and September 7, 2012 (the date of the decision) and was therefore not

18   entitled to benefits. (Tr. 35).  As noted above, the ALJ's decision became the

19

20

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  She offers several arguments in support of this position.[2]  First, Plaintiff challenges the ALJ's credibility determination. Second, she argues that the ALJ did not properly assess the medical opinions.  Third, Plaintiff contends that the ALJ should have determined that her impairments met the impairment set forth at §11.02 of the Listings. Fourth, she asserts that the ALJ's step four (past relevant work) analysis was flawed. This Court will examine each argument in turn.


# IV. ANALYSIS

**A.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

---

[2] The Brief submitted by Plaintiff's counsel is not well-organized.  Counsel seems to prefer "narrative-style" argumentation, which is unnecessarily difficult to parse and analyze. For future briefs, counsel is instructed to include sub-headings clearly indentifying the issues and arguments raised.

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified as follows:

She is divorced, with two teenage children.   The children reside with Plaintiff's ex-husband, because she could not attend to their care. (T at 75-76). When she was employed as a telemarketer, Plaintiff had difficulty maintaining attendance because of her seizure activity. (T at 78).   She enjoys work, but her seizures prevent her from maintaining employment. (T at 80).   Stress affects the frequency of her seizures. (T at 80).   The seizures vary in duration.   (T at 82). Plaintiff is fatigued following a seizure. (T at 83).   She cannot drive because of her condition. (T at 84).   A friend brings Plaintiff food and does her grocery shopping because Plaintiff is fearful leaving the home. (T 84-85).   She is nervous around groups larger than six. (T at 86).   Her ability to walk, stand, and lift are limited by problems with her hips. (T at 87-88).   She tries to minimize her seizure activity by

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

avoiding stress. (T at 89).  She gets "antsy" and cannot sit still for longer than 10-15 minutes. (T at 91).

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent alleged. (T at 27).

The ALJ placed heavy weight on Plaintiff's failure to seek treatment for her seizure symptoms and mental health problems.   The following quotations are illustrative: "According to treatment notes, [Plaintiff] moved to Spokane sometime in 2006, but did not seek treatment until 2009, signifying her alleged seizure symptoms were not significant during that time." (T at 27).  "The lack of mental health treatment indicates [Plaintiff's] mental health symptoms have not been as significant as she has alleged in connection with her application for benefits." (T at 30).  "At the time of [an August 2010] evaluation, [Plaintiff] had not been treated by a neurologist since moving to Spokane at least three years prior.  The lack of treatment suggests her seizures have not been as frequent and significant as [Plaintiff] . . . has reported in connection with her application for benefits." (T at 33).

Pursuant to SSR 96-7p, an ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment "without first considering any

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Id.; see also Dean v. Astrue*, No. CV-08-3042, 2009 U.S. Dist. LEXIS 62789, at *14-15 (E.D. Wash. July 22, 2009)(noting that "the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner").

An ALJ's duty to develop the record in this regard is significant because there are valid reasons why a claimant might not follow a treatment recommendation. For example, "financial concerns [might] prevent the claimant from seeking treatment [or] . . . . the claimant [may] structure[] his daily activities so as to minimize symptoms to a tolerable level or eliminate them entirely." *Id.*

Here, the ALJ did not question Plaintiff during the administrative hearing concerning her lack of consistent treatment.  This was a significant omission. The record contains evidence suggesting several explanations for Plaintiff's failure to consistently seek treatment.  Plaintiff reported concerns about a lack of insurance (T at 290) and limited financial resources. (T at 85-86).  She testified that she was unable to drive and fearful of leaving the house. (T at 84-85).  She "structures" her daily activities by avoiding travel and stress so as to reduce her chances of having a seizure. (T at 85-86, 89).  Dr. Dennis Pollack, a psychiatric consultative examiner,

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

opined that Plaintiff had difficulty with abstract ability and social judgment. (T at 468).    Dr. Frank Rosekrans, an examining psychologist, described Plaintiff as "motivated for treatment," but explained that the nature of "some of [her] problems suggest[ed] that treatment would be fairly challenging, with a difficult treatment process and the probability of reversals." (T at 523).    Dr. Rosekrans noted, in particular, concerns that Plaintiff "may currently be too disorganized or feel too overwhelmed to be able to participate meaningfully in some forms of treatment." (T at 523).    He also found that Plaintiff "may be reluctant to consider the possibility that her problems have a psychological origin, and she may be resistant to consider herself in need of any form of psychological treatment." (T at 523).

The Ninth Circuit case law is clear that "[d]isability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds." *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995).    Moreover, as a general matter, "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996)(quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir.1989)).

This Court finds that the ALJ failed to develop the record concerning possible explanations for Plaintiff's failure to seek treatment and failed to give adequate

consideration to the record evidence suggesting other explanations for the lack of treatment. Given the heavy emphasis the ALJ placed on the lack of treatment in his analysis, these errors require a remand. The ALJ should further develop the record concerning possible explanations for the lack of treatment and reevaluate Plaintiff's credibility in light of a more fully developed record.

**B. Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only for clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

In August of 2010, Kathleen Duthie, a physician's assistant, completed a physical evaluation. (T at 377).[3] Ms. Duthie noted that Plaintiff's seizures were not

[3] It appears the evaluation was reviewed and co-signed by a physician, whose signature is not legible. (T at 377).

under control because of "inconsistent health care." (T at 375). She opined that Plaintiff's uncontrolled seizures rendered her unable to perform one or more basic-work-related activities and described her overall work level as "sedentary to severely limited." (T at 376). Ms. Duthie assessed that the limitations would continue for at least 12 months. (T at 377).

The ALJ gave little weight to Ms. Duthie's opinion, noting that it was Plaintiff's first visit with the physician's assistant and finding that the opinion was based largely on Plaintiff's self-reports, which the ALJ found incredible. (T at 33). In particular, the ALJ found that the "lack of treatment suggests [Plaintiff's] seizures have not been as frequent and significant as [she] reported to Ms. Duthie . . . ." (T at 33).

It is reasonable for an ALJ to discount an opinion predicated on subjective complaints found to be less than credible. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009). However, the ALJ's decision to discount Plaintiff's credibility in this case was flawed for the reasons outlined above (*i.e.* the ALJ failed to develop the record concerning possible explanations for Plaintiff's failure to seek treatment and failed to give adequate consideration to the record evidence suggesting other explanations for the lack of treatment). This impacted the ALJ's assessment of Ms. Duthie's opinion, which opinion appears to have been endorsed by a physician.

In June of 2011, Dr. Frank Rosekrans, an examining psychologist, completed a psychological/psychiatric evaluation.  He diagnosed major depressive disorder (single episode, unspecified) and assigned a GAF of 45 (T at 513), which is indicative of serious impairment in social, occupational or school functioning. *Onorato v. Astrue,* No. CV-11-0197, 2012 U.S. Dist. LEXIS 174777, at *11 n.3 (E.D.Wa. Dec. 7, 2012).  Dr. Rosekrans assessed several marked limitations as to basic work-related activities arising from Plaintiff's seizure disorder. (T at 514).

Dr. Rosekrans completed another psychological/psychiatric evaluation on May of 2012.  He diagnosed major depressive disorder (single episode, unspecified), somatization disorder, and borderline personality disorder. (T at 527).  He assigned a GAF score of 40. (T at 527).  "A GAF score of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking or mood." *Tagin v. Astrue*, No. 11-cv-05120, 2011 U.S. Dist. LEXIS 136237 at *8 n.1 (W.D.Wa. Nov. 28, 2011)(citations omitted).

The ALJ assigned "little weight" to Dr. Rosekrans's opinions. (T at 33).  This assessment also appears to have been influenced by the ALJ's flawed decision to discount Plaintiff's credibility. (T at 33-34).

Accordingly, this Court finds that the ALJ's errors with regard to the assessment of Plaintiff's credibility materially impacted the consideration of medical opinions concerning Plaintiff's limitations. These opinions should be revisited on remand after further development of the record and reconsideration of Plaintiff's credibility.

**C.    Listings § 11.02**

At step three of the sequential evaluation, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed in Appendix 1 of the Regulations (the "Listings"). *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets or equals a listed impairment, he or she is "conclusively presumed to be disabled and entitled to benefits." *Bowen v. City of New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *see also* 20 C.F.R. §§ 404.1525(a); 416.925(a).

An impairment meets a Listing if the impairment matches all of the medical criteria specified in the Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). An impairment or combination of impairments that satisfies, but not all of the criteria, does not qualify. *Sullivan*, 493 U.S. at 530; *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proving that she has an impairment or combination of impairments that meets or equals the criteria of a listed impairment. To satisfy this burden, the claimant must offer medical findings equal in severity to all requirements, which findings must be supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.926(b).

If a claimant's impairment does not satisfy the Listings criteria, he or she may still be disabled if the impairment "equals" a listed impairment. 20 C.F.R. § 404.1520(d). Equivalence will be found if the medical findings are (at a minimum) equal in severity and duration to the Listed impairment. *Marcia v. Sullivan*, 900 F.2d 172, 175 (9th Cir. 1990). To determine medical equivalence, the Commissioner compares the findings concerning the alleged impairment with the medical criteria of the listed impairment. 20 C.F.R. §§ 416.924(e), 416.926.

If a claimant has multiple impairments, the ALJ must determine "whether the combination of [the] impairments is medically equal to any listed impairment." 20 C.F.R. § 404.1526(a). The claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their effects." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1996). "A finding of equivalence must be based on medical evidence only." *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001)(citing 20 C.F.R. § 1529(d)(3)).

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

"[I]n determining whether a claimant equals a listing under step three . . . the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia*, 900 F.2d at 176 (9th Cir. 1990). A remand may be required if ALJ fails adequately to consider a Listing that plausibly applies to the claimant's case. *See Lewis*, 236 F.3d at 514.

Here, Plaintiff contends that her seizure disorder met the impairment set forth in § 11.02 of the Listings (Epilepsy).  That impairment requires a diagnosis of "convulsive epilepsy, (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month, in spite of at least 3 months of prescribed treatment," along with (A) daytime episodes (loss of consciousness and convulsive seizures) or (B) nocturnal episodes with residual effects that significantly interfere with activity during the day.

The ALJ concluded that Plaintiff had not satisfied the requirements of Listing §11.02. (T at 25).  The ALJ's decision was supported by the testimony of Dr. James Haynes, a medical expert.  Dr. Haynes testified that the evidence did not establish a listed impairment. (T at 52-53).  Plaintiff challenges the ALJ's finding, but does not cite to specific evidence showing how her seizure disorder met the requirements of this Listing. (Docket No. 17, at 8). The Commissioner pointed out this lack of

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

1    supporting citation in its Brief (Docket No. 19, at 16-18), but Plaintiff's counsel

2    declined to meet the challenge in the Reply. (Docket No. 20).  This Court finds that,

3    although the ALJ's decision was flawed for the reasons set forth above, Plaintiff has

4    not established an error with regard to the ALJ's step three analysis.

5    **D.    Past Relevant Work**

6         "Past relevant work" is work that was "done within the last 15 years, lasted

7    long enough for [the claimant] to learn to do it, and was substantial gainful activity."

8    20 C.F.R. §§ 404.1565(a), 416.965(a).  At step four of the sequential evaluation, the

9    ALJ makes a determination regarding the claimant's residual functional capacity and

10   determines whether the claimant can perform his or her past relevant work.

11   Although claimant bears the burden of proof at this stage of the evaluation, the ALJ

12   must make factual findings to support his or her conclusion. *See* SSR 82-62. In

13   particular, the ALJ must compare the claimant's RFC with the physical and mental

14   demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and

15   416.920(a)(4)(iv). In sum, the ALJ must determine whether the claimant's RFC

16   would permit a return to his or her past job or occupation. The ALJ's findings with

17   respect to RFC and the demands of the past relevant work must be based on

18   evidence in the record. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

19

20                                                        20

Here, the ALJ concluded that Plaintiff retained the RFC to perform her past relevant work as a security guard and telemarketer. (T at 35). However, this conclusion was affected by the ALJ's decision to discount Plaintiff's credibility, which (in turn) influenced the assessment of Plaintiff's RFC. For this reason, the step four analysis will need to be revisited on remand after reconsideration of Plaintiff's credibility and redetermination of her RFC.

In addition, it must also be noted that the ALJ concluded that Plaintiff could perform her past relevant work as a telemarketer (T at 35), while at the same time finding that she was limited to occasional contact with the public. (T 26). These conclusions are difficult (if not impossible) to reconcile, inasmuch as contact with the public is the *sine qua non* of a telemarketing position. *See Dictionary of Occupational Titles*, §299.357-014 ("Solicits orders for merchandise or services over telephone: Calls prospective customers to explain type of service or merchandise offered. Quotes prices and tries to persuade customer to buy, using prepared sales talk").

## E.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB

is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Here, there are outstanding issues that need to be resolved, particularly with respect to Plaintiff's lack of treatment for her seizure symptoms and mental health impairments. However, it is also not clear from the record for this Court that Plaintiff is disabled. Dr. James Haynes, a non-examining neurologist, opined that Plaintiff's impairment did not meet any Listings impairment and accepted an assessment by a State Agency review consultant to the effect that Plaintiff's ability to perform basic work-related activities was not significantly limited, except for basic seizure protocols. (T at 54). Dr. Donna Veraldi, a non-examining psychologist, opined that Plaintiff had a mild limitation in activities of daily living, moderate limitation as to social interaction, and mild limitation with regard to concentration, persistence, or pace. (T at 69). Accordingly, this Court finds that a remand for further proceedings is the appropriate remedy.

# V. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 17**, is **GRANTED.**

The Commissioner's motion for summary judgment, **Docket No. 19**, is **DENIED**.

This case is **REMANDED** to the Commissioner for further proceedings consistent with this Decision and Order.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of the Plaintiff, and CLOSE this case.

DATED this 6th day of October, 2014.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – EHRLER v COLVIN 13-CV-00172-VEB